IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

Raymond R.S. Heyde, individually )
and as Trustee of the Raymond R.S. )
Heyde Revocable Trust, )
 )
    Plaintiff, )
 )
              v. )   No. 10-CV-1024
 )
Illinois Property Tax Appeal Board et al. )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Plaintiff's motion to remand. For reasons of comity, the Court recommends that the motion be granted and this case be remanded to state court.

### Background

This case is essentially a repeat of an earlier case that Plaintiff Raymond Heyde ("Heyde") filed in 2007 challenging his property assessments—Heyde v. Pittinger, 07-cv-1182 (C.D. Ill., Judge Mihm). In that earlier case Heyde "assert[ed] the Defendants intentionally set the property's assessment at levels grossly disproportionate to 33.33% of its

fair market value and thereby deprived him of his equal protection rights (Counts I and II), conspired to violate his equal protection rights (Count III), and retaliated against him for previously exercising his right to challenge assessments (Count IV), all in violation of 42 U.S.C. § 1983." Heyde v. Pittinger, 07-cv-1182 (C.D. Ill., Judge Mihm)(7/3/08 order, d/e 64, p. 4).  In that case, Judge Mihm dismissed the County Board of Review Members on the grounds of quasi-judicial immunity and denied Defendants' motion to dismiss for failure to state a claim.  Id.  Then on January 20, 2009, Judge Mihm dismissed the entire case based on the Supreme Court case of Fair Assessment in Real Estate Association, Inc. v. McNary, 454 U.S. 100, 116 (1981), which requires "taypayers [to] first seek redress for any deprivation of their federal rights by available state remedies, and may ultimately seek review of the state decisions in federal court." Heyde v. Pittinger, 07-cv-1182 (C.D. Ill.)(1/20/09 Order, d/e 83, p. 6)(citing Fair Assessment).

Heyde has appealed the dismissal of his prior case, which is pending in the Seventh Circuit Court of Appeals.  Meanwhile, on December 30, 2009, Heyde filed a new case, pursuing the same federal claims plus a state claim for administrative review, but this time he filed in state court, not federal court.  Defendants removed the case to federal court, asserting

federal question jurisdiction, but oddly making no mention of the prior case or of Fair Assessment.  Heyde responded with the motion to remand presently before the Court.

## Analysis

The Supreme Court in Fair Assessment upheld dismissal of due process and equal protection claims by property taxpayers, based on reasons of comity.  As Judge Mihm already explained in the prior Heyde case, the Supreme Court expressed in Fair Assessment that comity concerns were based on "'a proper reluctance to interfere . . . with the fiscal operations of the state governments . . . .'"  454 U.S. at 109 (quoted cite omitted).  The Supreme Court continued:

> we hold that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts.  Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate and complete, and may ultimately seek review of the state decisions in this Court.

Id. at 116.  The Supreme Court recently affirmed this holding in Levin v. Commerce Energy, Inc., — S.Ct. —,  2010 WL 2160787 (2010), in which the Court upheld dismissal, based on comity, of federal constitutional claims challenging a state taxation scheme.

Under Fair Assessment, as Judge Mihm already explained in the prior Heyde case, the only way Heyde can get the merits of his federal claims addressed is to present them to the state courts. A *federal* review of those claims would be by the U.S. Supreme Court, if at all, not by a federal district court. Fairview, 454 U.S. at 109 ("taxpayers must seek protection of their *federal rights* by state remedies, . . ., and may ultimately seek review of the state decisions in this Court.")(emphasis added). Thus, contrary to Defendants' assertion, Judge Mihm *did* rule that Heyde's federal civil rights actions must be adjudicated in state court. (1/20/09 order in 07-1182, p. 7-8)("Heyde must initially pursue his claims in state court prior to seeking federal review of the state court determinations in the Supreme Court . . . .").

It thus makes sense for Heyde to pursue these federal claims in state court: that is the only way for him to preserve the claims, per Judge Mihm's ruling. What does not make sense is Defendants' removal of the case, since remand is a foregone conclusion under Judge Mihm's ruling and Fair Assessment. If it were otherwise, Defendants could continue this merry-go-round indefinitely by seeking removal and then dismissal of the federal

claims every time Heyde tries to present them in state court.[1]  The same comity concerns that required dismissal of the prior Heyde case require remand here.  See Balazik v. County of Dauphin, 44 F.3d 209, 217-218 (3rd Cir. 1994)(upholding remand of § 1983 action challenging tax scheme based on Fair Assessment's comity concerns); Cox Cable Hampton Roads, Inc. v. City of Norfolk, 739 F.Supp. 1074 (E.D. Va. 1990)(remanding tax challenge case to state court based on comity and Tax Injunction Act).  The Court will accordingly recommend remand.

　　　Defendants also argue that Heyde's pursuit of his constitutional claims in his state court action is premature.  Defendants do not explain why the state circuit court cannot simultaneously address the administrative review claim and the constitutional claims.  See Reich v. City of Freeport, 527 F.2d 666 (7th Cir. 1975)(state circuit court had power to address constitutional claims arising from employee's dismissal, as well as claim for administrative review); Brazas v. Property Tax Appeal Bd., 339 Ill.App.3d 978, 984-85 (2d Dist. 2003)(example of state appellate court ruling on administrative review claim and equal protection claim arising from property assessment).  In any event, whether Heyde's pursuit of his

---

[1] Defendants have also filed a motion to dismiss based on similar arguments made in the prior case, but not based on Fair Assessment.

federal constitutional claims in state court is premature is a question for the state court, not a federal court.

Heyde seeks costs and attorneys fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District courts have discretion in deciding whether to award costs and attorney's fees. Fincher v. South Bend Housing Authority, 578 F.3d 567, 569 (7th Cir. 2009), *citing* Martin v. Franklin Capital Corp., 546 U.S. 132, 138-39 (2005). However, fees may be awarded "only where the removing party lacked an 'objectively reasonable basis' for seeking removal." Wolf v. Kennelly, 574 F.3d 406, 411 (7th Cir. 2009), *quoting* Martin, 546 U.S. at 141. A fee award is appropriate if "'clearly established law demonstrated . . . no basis for removal . . . . By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.'" Id. at 412, *quoting* Lott v. Pfizer, Inc., 492 F.3d 789 (7th Cir. 2007).

Applying the legal standard above, the Court believes that an award of fees and costs is warranted. At the time of removal, Defendants were

aware of Judge Mihm's ruling in the prior case and of Fair Assessment, which both made remand inevitable, regardless of the presence of the federal claims. Judge Mihm's ruling and Fair Assessment hold that those federal claims must proceed in state court. In the Court's opinion, Judge Mihm's ruling alone removed any objectively reasonable basis for removal of this case, which presses the same claims already dismissed by Judge Mihm.

WHEREFORE, the Court RECOMMENDS that Plaintiff's motion to remand be granted (d/e 8) and this case be remanded to the Circuit Court of Tazewell County. The Court further recommends that Heyde's request for fees and costs under 28 U.S.C. § 1447(c) be allowed.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after ECF service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   June 7, 2010

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE