E-FILED
Tuesday, 26 October, 2010 09:22:34 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RAYMOND R.S. HEYDE, individually )
and as Trustee of the Raymond R.S. )
Heyde Revocable Trust, )
)
        Plaintiff, )
)
v. ) Case No. 10-1024
)
ILLINOIS PROPERTY TAX APPEAL )
BOARD, et al., )
)
        Defendants. )

# O R D E R

On June 7, 2010, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case recommending that this case be remanded to state court. Various Defendants filed timely objections to the Report & Recommendation, and this Order follows.

## BACKGROUND

The relevant facts were sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge and need not be restated here. Suffice it to say that this action arises out of Plaintiff's claim that Defendants intentionally set his property's assessment at levels grossly disproportionate to the percentage required under the law, thereby depriving him of his right to equal protection and retaliating against him for exercising his right to challenge the assessments. As noted by the Magistrate Judge, this action is essentially duplicative of an earlier case brought by

Plaintiff as Case No. 07-1182.  On January 20, 2009, the Court dismissed that case based on the Supreme Court's ruling in Fair Assessment in Real Estate Association, Inc. v. McNary, 454 U.S. 100, 116 (1981), holding that taxpayers are required to first seek redress for any deprivation of federal rights by available state remedies prior to seeking review of the state decisions in federal court.  *See also,* Levin v. Commerce Energy, Inc., ____ S.Ct. ____, 2010 WL 2160787 (2010).  Furthermore, Fair Assessment clearly holds that following the conclusion of state remedies, review must be sought from the Supreme Court.  Id.  This holding was clearly summarized in the January 20, 2009, Order, where the Court stated, "Heyde must initially pursue his claims in state court prior to seeking federal review of the state court determinations in the Supreme Court. . . ."  (Case No. 07-1182, 1/20/09 Order at 7-8)

Defendants do not dispute the portion of the Report & Recommendation relying on this precedent and recommending that Plaintiff's Motion to Remand be granted.  However, they do object to the portion of the Order recommending that Plaintiff be awarded reasonable costs and fees pursuant to 28 U.S.C. § 1447(c).  Defendants argue that there was an objectively reasonable basis for removal given the fact that the dismissal of Case No. 07-1182 was without prejudice and that the ruling in that case remains on appeal, as well as the suggestion that they merely sought to bring these claims into the same forum where Plaintiff initially sought relief.  With all due respect, these arguments are frivolous in light of the Court's January 20, 2009, Order, which essentially required Plaintiff to refile the case in state court.  Defendants' actions in then removing the action fly in the face of that Order.

Given the very clear holdings in the Court's January 20, 2009, Order and the precedent relied on therein, the Court agrees that there was no objectively reasonable basis for the removal of this action, and that an award of fees and costs as sanctions is appropriate. After consideration of the facts of this case and the reasonable amount of time that would have been required to prepare and file the Motion to Remand and respond to Defendants' objections to the Report & Recommendation, the Court finds that $750.00 is a reasonable and appropriate amount to compensate Plaintiff for these efforts.

## CONCLUSION

For the reasons set forth above, the Court ADOPTS the Report & Recommendation [#13] in its entirety. Plaintiff's Motion to Remand [#8] is GRANTED, and this matter is remanded to the Circuit Court of Tazewell County. Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is GRANTED, and the Court awards $750.00 in favor of Plaintiff and against Defendants pursuant to § 1447(c). Defendants' Motion to Stay or Defer Ruling [#17] is DENIED.

ENTERED this 25th day of October, 2010.

                s/ Michael M. Mihm
                Michael M. Mihm
                United States District Judge